235 N.J. Super. 382 (1989)
562 A.2d 812
HOBART R. GARDNER, PLAINTIFF-APPELLANT,
v.
NEW JERSEY PINELANDS COMMISSION, NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, COMMISSIONER OF ENVIRONMENTAL PROTECTION AND JOHN DOE(S), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1989.
Decided June 13, 1989.
Before Judges GAULKIN, R.S. COHEN and ARNOLD M. STEIN.
*383 Patrick F. McAndrew argued the cause for appellant (Brandt, Haughey, Penberthy, Lewis & Hyland, attorneys, Patrick F. McAndrew and Sandford F. Schmidt, on the brief).
Mary C. Jacobson, Deputy Attorney General, argued the cause for respondents (Peter N. Perretti, Jr., Attorney General, attorney, James J. Ciancia, Assistant Attorney General, of counsel and Mary C. Jacobson, on the brief).
PER CURIAM.
Plaintiff, a landowner, sought an order declaring that certain restrictions on development of his property contained in the Pinelands Comprehensive Management Plan constitute a partial taking and therefore require defendants to institute condemnation proceedings. The position plaintiff asserted in his complaint and at trial was correctly disposed of by Judge Wells. As to those matters we affirm essentially for the reasons set forth in his opinion, which is found at 227 N.J. Super. 396 (Ch.Div. 1988).
In the opinion, however, Judge Wells noted that there was "a late-blooming equal protection argument suggested in plaintiff's brief." Plaintiff took the judge's suggestion to amend his complaint to plead a cause of action under the equal protection clause. The amendment asserted that the Farmland Preservation Program, under the Right to Farm Act, N.J.S.A. 4:1C-1, et seq., is a statewide program under which the State pays persons situated similarly to plaintiff for development restrictions at fair market value; that no Pinelands acreage has been purchased; that, because regulations on the use of plaintiff's land already bar development, there is nothing for plaintiff to sell under the Program; that the difference in treatment is unjustified by any difference between Pinelands farmland and non-Pinelands farmland, and therefore plaintiff is denied the equal protection of the laws.
Judge Wells rendered an oral opinion. He noted that the attack before him was on the facial validity of the regulatory scheme; the Farmland Preservation Program was voluntary *384 and applied to farms in the Pinelands. Plaintiff had made no application for inclusion of his lands in the Program, or for waiver of use regulations from the Pinelands Commission. Facially, the judge ruled, there was a rational basis for the regulation of Pinelands farms more stringent than the generality of farms.
For all of the reasons expressed in Judge Wells' published opinion, we too are satisfied that Pinelands farms are uniquely ecologically sensitive, and that measures fairly designed to bar unsuitably intensive development are therefore justified. And such measures can treat Pinelands farms more restrictively than other farms not having the unique characteristics of Pinelands farms. On its face, the regulatory scheme does not create an unreasonable and unlawful classification. David v. Vesta Co., 45 N.J. 301 (1965).
Affirmed.